USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/29/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
                   :
IKEMEFUNA STEPHEN NWOYE,              :
                   :
                              Plaintiff,              :               22-CV-1791 (VEC)
                   :
            -against-                         :                   <u>ORDER</u>
                   :
BARACK HUSSEIN OBAMA, MICHELLE     :
LAVAUGHN ROBINSON OBAMA,            :
                   :
                              Defendants.    :
                   :
-------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

        WHEREAS on March 8, 2022, Plaintiff filed an amended complaint against Barack and Michelle Obama, asserting claims of unjust enrichment, breach of contract, quantum meruit, and declaratory judgment, *see* Am. Compl., Dkt. 7;

        WHEREAS all of Plaintiff's claims arise from Defendants' purported failure to pay Plaintiff or to recognize Plaintiff's alleged role in Obama administration initiatives in Africa, including the Power Africa Initiative and the Global Entrepreneurship Summit, among others, *id.*;

        WHEREAS the Obama administration initiatives at issue all constitute official acts of the Obama administration;

        WHEREAS "a former President of the United States[] is entitled to absolute immunity from damages liability predicated on his official acts," *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982); *see also Clinton v. Jones*, 520 U.S. 681, 693 (1997) ("[I]mmunity serves the public interest in enabling such officials to perform their designated functions effectively without fear that a particular decision may give rise to personal liability.");

WHEREAS such immunity likely extends to the First Lady, *see Ass'n of Am. Physicians & Surgeons, Inc. v. Clinton*, 997 F.2d 898, 904 (D.C. Cir. 1993) ("Congress itself has recognized that the President's spouse acts as the functional equivalent of an assistant to the President."); *id.* at 920 (recognizing that the First Lady serves as a "*de facto* officer" of the federal government);[1]

WHEREAS in his amended complaint, Plaintiff alleges that because it has been five years since Barack Obama left office, he no longer has immunity from civil and criminal legal proceedings, Am. Compl. ¶ 24;

WHEREAS Plaintiff's contention is incorrect as a matter of law because absolute immunity from damages liability predicated on official acts continues after the official has left office, *District of Columbia v. Jones*, 919 A.2d 604, 607 n.4 (D.C. 2007); *see generally Nixon v. Fitzgerald*, 457 U.S. 731 (1982);

WHEREAS the Court has the authority, *sua sponte*, to dismiss a complaint if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) or fails to state a claim, *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994); and

WHEREAS a claim is frivolous when it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141

---

[1] Even if Michelle Obama was not subject to absolute immunity from damages liability predicated on official acts of the Obama administration, Plaintiff has failed to allege adequately that his claims had any link to conduct by Michelle Obama. The only factual allegations in his complaint related to Ms. Obama are that the Obamas were "very keen on [Sidley's Africa-Asia Pro Bono Program]," which Plaintiff describes as their "pet project." *See* Am. Compl., Dkt. 7 ¶¶ 13, 30, 31. Accordingly, separately from the Court's *sua sponte* dismissal under the doctrine of absolute immunity, the Court also dismisses all claims against Michelle Obama for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when . . . the claim is based on an indisputably meritless legal theory.") (cleaned up).

IT IS HEREBY ORDERED that Plaintiff's amended complaint is DISMISSED with prejudice because the Defendants enjoy absolute immunity from damages liability predicated on official acts, including the ones at issue in this lawsuit.

IT IS FURTHER ORDERED that the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directly to terminate all open motions and to close this case.

**SO ORDERED.**

**Date: May 29, 2022**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**

3