USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/11/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
: 
IKEMEFUNA STEPHEN NWOYE, :
:
                              Plaintiff, :    22-CV-1791 (VEC) (RWL)
:
          -against- :    ORDER ADOPTING IN
:    PART REPORT &
BARACK HUSSEIN OBAMA and MICHELLE :    RECOMMENDATION
LAVAUGHN ROBINSON OBAMA, :
:
                            Defendants. :
:
------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on March 3, 2022, Plaintiff sued former President Barack Obama and his wife Michelle Obama, and on March 8, 2022, filed an amended complaint against them asserting claims of unjust enrichment, breach of contract, quantum meruit, and declaratory judgment arising from work performed as an extern for Sidley Austin, LLP ("Sidley"), *see* Compl., Dkt. 1; Am. Compl., Dkt. 7;

      WHEREAS on March 7, 2022, the Court referred this case to Magistrate Judge Lehrburger for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, Dkt. 5;

      WHEREAS on May 29, 2022, the Court dismissed Plaintiff's First Amended Complaint with prejudice as frivolous on the grounds that Defendants likely enjoy absolute immunity from damages liability predicated on official acts, including the ones at issue in this lawsuit, and even if Ms. Obama were not subject to absolute immunity, Plaintiff failed adequately to allege that her conduct had any link to his claims, Dkt. 18;

1

WHEREAS on January 25, 2023, the Second Circuit vacated the Court's order of dismissal with instructions to provide Plaintiff an opportunity to be heard as to why the First Amended Complaint should not be dismissed as frivolous or for failure to state a claim, Dkt. 20;

WHEREAS on January 27, 2023, the Court ordered Plaintiff to show cause why the First Amended Complaint should not be dismissed as frivolous or for failure to state a claim, Dkt. 21;

WHEREAS on February 3, 2023, Plaintiff moved for leave to file a second amended complaint, which would add Sidley as a Defendant, *see* Mot., Dkt. 22; Second Am. Compl., Dkts. 23; Pl. Mem. to Am. Compl., Dkt. 24; Pl. Mem. on OTSC, Dkt. 25;

WHEREAS on June 20, 2023, Magistrate Judge Lehrburger ordered Plaintiff to show cause why (i) the First Amended Complaint should not be dismissed, and (ii) his motion for leave to file a second amended complaint should not be denied because the claims in it are time barred, Dkt. 30;

WHEREAS on June 26, 2023, Plaintiff filed a memorandum of law in support of his arguments that (i) the First Amended Complaint should not be dismissed, and (ii) the motion for leave to file a second amended complaint should be granted, Pl. Mem. on Second OTSC, Dkt. 31;

WHEREAS on July 20, 2023, Judge Lehrburger entered an R&R recommending that the Court deny Plaintiff's motion for leave to file a second amended complaint, dismiss with prejudice the operative complaint, and grant Plaintiff leave to amend the complaint solely to assert a breach of contract claim against Sidley, R&R, Dkt. 32 at 2;

WHEREAS in the R&R, Judge Lehrburger notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *id.* at 36–37;

WHEREAS on July 24, 2023, Plaintiff timely objected to the R&R, Dkt. 33;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when specific objections are made to the R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997);

WHEREAS when objections are "merely perfunctory responses argued in an attempt to . . . rehash[] the same arguments set forth in the original papers," a "district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation," *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (cleaned up); and

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)).

IT IS HEREBY ORDERED that the R&R is ADOPTED in part. The Court DENIES Plaintiff's motion for leave to file a second amended complaint and DISMISSES the First Amended Complaint with prejudice and without leave to file an amended complaint.

The portions of Plaintiff's objections to the Magistrate Judge's conclusion that the claims in the First Amended Complaint and proposed second amended complaint are untimely are conclusory and regurgitate arguments previously made to, and rejected by, Judge Lehrburger. *Compare* Obj. ¶ 9 (arguing that his claims are timely because Defendants' and Sidley's violations are continuing) *with* Pl. Mem. on Second OTSC ¶¶ 24–33 (arguing that Defendants'

3

and Sidley's violations continued after 2014).  Because Plaintiff's objections are perfunctory and not substantive, the Court reviews the R&R for clear error and finds none with respect to the Magistrate Judge's recommendation to dismiss the First Amended Complaint with prejudice and to deny Plaintiff leave to file the proposed second amended complaint.

While the R&R recommended granting Plaintiff leave to amend to assert a breach of contract claim against Sidley, the Court declines to do so.  As the Magistrate Judge noted, Plaintiff failed plausibly to allege a claim against Sidley in the First Amended Complaint or in the proposed second amended complaint, both of which vaguely referenced an externship agreement between Plaintiff and Sidley, as well as one or more implied agreements.  *See* R&R at 4, 28; First Am. Compl. ¶¶ 6–7; Second Am. Compl. ¶¶ 7–8, 31.  Although the proposed second amended complaint asserts that Plaintiff's alleged externship contract with Sidley was written,[1] the allegations regarding Sidley's purported breach of contract remain wholly conclusory.  *See* R&R at 20–23, 28; *see also, e.g.*, Second Am. Compl. ¶¶ 31, 46–50.

First, Plaintiff has not alleged any facts that would allow the Court plausibly to infer that Sidley made any binding promise to Plaintiff concerning future employment, compensation for work performed during the externship, or recognition for intellectual work product contributed to the projects on which Plaintiff worked as an extern.  *See* R&R at 20–22, 28.  The proposed second amended complaint instead alleges, vaguely, "The Plaintiff entered into a direct legal relationship (written contract) with [Sidley] . . . to render Pro Bono Legal Services under the

---

[1] Significantly, Plaintiff did not attach a copy of the purported written contract to the proposed second amended complaint, nor has he provided a copy of it in connection with any of his many filings in this case.  The Court surmises that the "written contract" referenced in paragraph 31 of the proposed second amended complaint is the same "agreement" referenced in paragraph 8 of the proposed second amended complaint.  That agreement is apparently comprised of two emails between him and the NYU Law School Pro Bono Manager and one email from the NYU Law School Pro Bono Manager to Plaintiff and a number of other persons who had been selected to participate in Sidley's pro bono program.  *See* Second Am. Compl., Dkt. 23 ¶ 8.  None of those emails was attached to the proposed second amended complaint or to any other filing.

4

Sidley Austin LLP Africa-Asia Pro Bono Program.  He made value [sic] intellectual contributions for which he has been denied recognition and his intellectual property rights remain in continuing breach by the Defendants." Second Am. Compl. ¶ 31.  Whatever exactly that means, there are no facts alleged from which the Court could infer the scope of the agreement (e.g., if it was limited to work performed as an extern or also included post-externship work), the compensation (if any) that Plaintiff was to receive, or that the "written contract" covered intellectual work product.

Nor has Plaintiff alleged any facts that would allow the Court plausibly to infer that, even if Sidley offered him some form of employment, compensation, or recognition, such an offer constituted a bargained-for agreement supported by consideration from Plaintiff as required to establish a binding contract.  *See, e.g.*, *id*. ¶ 13; *see also* R&R at 17–22.  Furthermore, to the extent that Plaintiff claims that he entered into an implied consultancy agreement with Sidley, those allegations are also entirely conclusory, and Plaintiff alleges no facts that would allow the Court plausibly to infer either that a contract existed or that a breach occurred.  *See* Second Am. Compl. ¶¶ 16, 33–35; First Am. Compl. ¶¶ 15–20.

While Plaintiff is proceeding *pro se*, the Court does not afford Plaintiff the liberal consideration normally provided to *pro se* plaintiffs because Plaintiff is a legal practitioner.  *See* R&R at 9–11.  Plaintiff has already amended the complaint once and has proposed a second amended complaint; none of the three complaints that he has filed or has proposed to file has stated a viable claim.  Accordingly, the Court finds that granting Plaintiff a fourth bite at the apple would be futile and waste judicial resources; for that reason, the Court declines to grant Plaintiff leave to amend his complaint yet again.  *See Rukoro v. Fed. Republic of Germany*, 976

F.3d 218, 228 (2d Cir. 2020) (noting that courts may deny leave to amend if amendment would fail to cure substantive deficiencies).

The Clerk of Court is respectfully directed to terminate the open motion at docket entry 22 and to CLOSE this case.

**SO ORDERED.**

Date:  **August 11, 2023**
       **New York, NY**

                                      **VALERIE CAPRONI**
                                      **United States District Judge**